

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 19, 2024**

_____
**United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| *In re:* § | | Chapter 11 (Subchapter V) |
| § | | |
| NEW-TRONICS, LTD.,[1] § | | Case No. 23-42553-elm11 |
| § | | |
| Debtor. § | | |

## ORDER CONFIRMING CHAPTER 11 SUBCHAPTER V PLAN

CAME ON FOR HEARING on December 18, 2024 (the "Confirmation Hearing"), the *First Amended Chapter 11 Subchapter V Plan of New-Tronics, Ltd.* (the "Plan")[2] [docket no. 98], filed by New-Tronics, Ltd. (the "Debtor"), as debtor and debtor-in-possession in the above-captioned bankruptcy case (the "Bankruptcy Case"). The Plan as attached hereto as Exhibit "A".

---

[1] The last four digits of the Debtor's federal tax identification number are 0973. The location of the Debtor's service address is: 113 Cambridge Park Trail, Weatherford, Texas 76088.
[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed in the Plan.

The Court has reviewed the Plan and all pleadings, exhibits, statements, responses, and comments regarding confirmation, including all objections, statements, and reservations of rights filed by parties in interest on the docket of the Bankruptcy Case. To the extent applicable, the Court overrules any and all objections to the Plan, to confirmation thereof, and all statements and reservations of rights not consensually resolved or withdrawn unless otherwise indicated herein.

The Court finds that notice of the Confirmation Hearing and the opportunity for any party in interest to object to the Plan and/or confirmation thereof have been adequate and appropriate as to all parties affected or to be affected by the Plan. The Court further finds that the transactions contemplated under the Plan, the legal and factual bases set forth in the documents filed in support of confirmation, the evidence proffered or adduced by counsel at the Confirmation Hearing, and the entire record of the Bankruptcy Cases establish just cause for the relief granted herein. After due deliberation and finding good cause to grant the relief in this Order, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

a. The findings and conclusions set forth herein and in the record of the Confirmation Hearing constitute the Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, made applicable by Fed. R. Bankr. P. 7052 and 9014. The Court's findings and conclusions pursuant to Bankruptcy Rule 7052 set forth in the record at the Confirmation Hearing are incorporated as if set forth herein. In accordance with Bankruptcy Rule 7052, to the extent any of the following conclusions of law constitutes a finding of fact, or vice versa, they are adopted as such.

### Exclusive Jurisdiction and Venue

b. <u>Jurisdiction and Core Proceeding</u>. The Court has jurisdiction over the Bankruptcy Case pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The

Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed. Confirmation of the Plan is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

  c. <u>Eligibility for Relief</u>. The Debtor is an entity eligible for relief under sections 109 and 1182 of the Bankruptcy Code.

  d. <u>Retention of Jurisdiction</u>. The Court finds and concludes that the Court's retention of jurisdiction as set forth in Article XII of the Plan comports with 28 U.S.C. § 1334.

### **Notice, Solicitation and Acceptance**

  e. <u>Adequate Notice of Confirmation Hearing</u>. The Court finds and concludes that under the particular circumstances (a) proper, timely, and adequate notice of the Plan, and time for filing objections to the same, were provided, and (b) proper, timely, and adequate notice of the Confirmation Hearing was provided to all holders of Claims and Equity Interests. No other or further notice regarding confirmation of the Plan or the Confirmation Hearing is necessary or required.

  f. The objection period as specified in the Confirmation Scheduling Order was a reasonable and adequate period of time for a party to object, and the manner of service of the Plan was an appropriate process for creditors to have made an informed decision regarding the Plan.

  g. All parties-in-interest had the opportunity to appear and be heard at the Confirmation Hearing.

  h. As evidenced by the *Certificate of Service* [docket no. 112], regarding service of the *First Amended Chapter 11 Subchapter V Plan of New-Tronics, Ltd.* [docket no. 98], and the *Order Setting Hearing on Confirmation of Plan and Related Deadlines, with Notice Thereof* [docket no. 99], as well as the *Ballot Summary* [docket no. 113], votes to accept or reject the Plan

have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Confirmation Scheduling Order.

    i.    The Plan includes only one impaired class, i.e. Class IV. As evidenced by the *Ballot Summary* [docket no. 113], Class IV of the Plan has accepted the Plan.

## Burden of Proof

    j.    Based on the record before it, including but not limited to the proffered testimony of the Debtor and any other evidence or testimony introduced at the Confirmation Hearing, this Court finds that the Debtor has met its burden of proving the elements of § 1191 and the applicable elements of § 1129 of the Bankruptcy Code and that the Plan complies with all relevant Bankruptcy Code provisions, including Subchapter V and the applicable subsections of §§ 1122, 1123, 1126 and 1129 of the Bankruptcy Code.

## Compliance with Bankruptcy Code Section 1129

    k.    <u>Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>. The Plan complies with all applicable provisions of the Bankruptcy Code, including, without limitation, sections 1122 and 1123 of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

    l.    <u>Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>. In accordance with section 1129(a)(2) of the Bankruptcy Code, the Court finds and concludes that the Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Confirmation Scheduling Order in transmitting the Plan and all related documents and notices.

    m.    <u>Good Faith (11 U.S.C. § 1129(a)(3))</u>. In accordance with section 1129(a)(3) of the Bankruptcy Code, the Court finds and concludes that the Debtor has proposed the Plan in good faith and not by any means forbidden by law. All transactions contemplated by the Plan were negotiated and consummated at arm's length, without collusion, and in good faith. Furthermore, the Plan is in the best interests of the Debtor's Estate and holders of Claims and Equity Interests.

n. <u>Releases, Exculpations and Injunctions</u>. The releases, exculpations, and injunction provisions set forth the Plan constitute good faith compromises and settlements of the matters covered thereby. Such provisions (a) are within the jurisdiction of the Court; (b) are an essential means of implementing the Plan pursuant to section 1123(a)(5) of the Bankruptcy Code; (c) are integral elements of the Plan and the resolution of the Bankruptcy Cases; (d) confer material benefits on, and are in the best interests of, the Debtor, the Debtor's Estate, and holders of Claims and Equity Interests; (e) are supported by consideration; (f) are important to the overall objectives of the Plan to finally resolve all Claims among or against parties in interest in the Bankruptcy Cases with respect to the Debtor; and (g) are consistent with sections 105, 1123, 1129, and other applicable sections of the Bankruptcy Code.

o. <u>Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>. In accordance with section 1129(a)(4) of the Bankruptcy Code, the Court finds and concludes that all payments made or to be made by the Debtor for services or for costs and expenses in, or in connection with, this Bankruptcy Case, or in connection with the Plan and incident to this Bankruptcy Case, have been approved by the Court as reasonable, unless otherwise ordered by the Court. The Court retains jurisdiction to hear and determine all applications for Professional Fees incurred on or before the Effective Date.

p. <u>Identity of Officers (11 U.S.C. § 1129(a)(5))</u>. In accordance with section 1129(a)(5) of the Bankruptcy Code, the Court finds and concludes that the Debtor adequately disclosed the Reorganized Debtor's management in the Plan. The Plan also otherwise complies with section 1129(a)(5) of the Bankruptcy Code.

q. <u>Best Interests of Creditors (11 U.S.C. § 1129(a)(7))</u>. Because the only impaired class in the Plan has accepted the Plan, section 1192(a)(7) is satisfied. Additionally, in accordance

with section 1129(a)(7) of the Bankruptcy Code, based on the liquidation analysis attached to the Plan, the Court finds and concludes that, with respect to impaired Classes of Claims or Equity Interests, each holder of a Claim or Equity Interests has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Equity Interests, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date.

  r. <u>Acceptance or Rejection of Certain Classes (11 U.S.C. § 1129(a)(8))</u>. In accordance with sections 1192(a)(8) and 1191(a) of the Bankruptcy Code, the Court finds and concludes that Class IV is impaired and has accepted the Plan, and that all other Classes are not impaired under the Plan. Therefore, section 1129(a)(8) is satisfied.

  s. <u>Treatment of Administrative and Priority Claims (11 U.S.C. § 1129(a)(9))</u>. The Court finds and concludes that the Plan's treatment of Claims of a kind specified in sections 507(a)(1) through (8) of the Bankruptcy Code satisfies the requirements set forth in sections 1129(a)(9) and 1191(e) of the Bankruptcy Code.

  t. <u>Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10))</u>. The Court finds and concludes that Class IV of the Plan is impaired under the Plan and has accepted the Plan, determined without including any acceptance of the Plan by any insider. Accordingly, the Court finds and concludes that section 1129(a)(10) is satisfied.

  u. <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>. The Plan provides sufficient measures for the funding of distributions to be made under the Plan. Confirmation of the Plan is not likely to be followed by the liquidation of the Reorganized Debtor under chapter 7 of the Bankruptcy Code. Thus, the Plan satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code.

  v. <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>. Section 1930 of Title 28 does not apply.

  w. <u>Other Provisions of 11 U.S.C. 1129(a)</u>. The Court finds and concludes that the provisions of sections 1129(a)(6), (a)(13), (a)(14), (a)(15), and (a)(16) of the Bankruptcy Code are not applicable to the Debtor or its Estate.

  x. <u>No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b))</u>. Pursuant to 11 U.S.C. § 1181(a), section 1129(b) does not apply.

  y. <u>Only One Plan (11 U.S.C. § 1129(c))</u>. Pursuant to 11 U.S.C. § 1181(a), section 1129(c) does not apply.

  z. <u>Principal Purpose of the Plan (11 U.S.C. § 1129(d))</u>. The Court finds and concludes that the principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, and there has been no objection filed by any governmental unit asserting such avoidance.

  aa. The Court finds and concludes that section 1129(e) of the Bankruptcy Code does not apply to the Debtor or the Plan by virtue of section 1181(a).

  bb. Based on the foregoing, the Debtor has met its burden of proving the elements of section 1129 of the Bankruptcy Code.

## Modifications to the Plan

  b. The Court finds and concludes that all modifications made to the Plan, if any, as reflected on the docket, in this Order, as set forth on the record at the Confirmation Hearing, or as reflected in the Plan, satisfy the requirements of section 1127(a) of the Bankruptcy Code and Bankruptcy Rule 3019, and are not material or do not adversely affect the treatment and rights of the holders of any Claims or Equity Interests under the Plan who have not otherwise accepted such modifications. Accordingly, the Debtor has satisfied section 1127(c) of the Bankruptcy Code and Bankruptcy Rule 3019 with respect to the Plan, as modified, and holders of Claims or Equity Interests that have accepted or rejected the Plan (or are deemed to have accepted or rejected the

Plan) are deemed to have accepted or rejected, as the case may be, the Plan as modified on the date of this Order, pursuant to section 1127(d) of the Bankruptcy Code and Bankruptcy Rule 3019.

    c.    Specifically, at the Confirmation Hearing, the Debtor orally moved to modify section 4.3.6 of the Plan regarding the Treatment of Secured Claims to exclude the option to surrender collateral to the party holding a Secured Claim, if any, in full satisfaction of the Secured Claim. The Court finds and concludes that the Proposed Modification complies with sections 1127(a) and (c) of the Bankruptcy Code and Bankruptcy Rule 3019 and that the holders of Claims or Equity Interests have accepted the Plan, as modified, under section 1127(d) of the Bankruptcy Code and Bankruptcy Rule 3019. Further, the Court finds that the modification is not a material modification to the Plan and does not effect a change adverse to the interests of any of the holders of Claims.

## Exemptions

    d.    <u>Exemptions from Recording, Stamp, and Similar Taxes (11 U.S.C. § 1146(a))</u>. The Court finds and concludes that, in accordance with section 1146(a) of the Bankruptcy Code, any transfers from the Debtor or its Estate to any entity pursuant to the Plan shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax or governmental assessment. The appropriate federal, state or local governmental officials or agents are directed to forego the collection of any such tax or governmental assessment and to accept for filing and recordation any of the instruments or other documents as set forth in the Plan without the payment of any such tax or governmental assessment.

## Transactions Pursuant to the Plan

    e.    <u>Rule 9019 Settlement; Releases and Discharges</u>. The Court finds and concludes that pursuant to Bankruptcy Rule 9019 and in consideration of the distributions and other benefits provided under the Plan, the provisions of the Plan constitute a good faith compromise and

settlement of all Impaired Claims against and Equity Interests in the Debtor and its Estate. Such compromises and settlements are made in exchange for consideration and are in the best interests of the holders of Impaired Claims and Equity Interests, are within the range of possible litigation outcomes, are fair, equitable, reasonable, and are integral elements of the resolution of the Bankruptcy Cases in accordance with the Plan.

    f. <u>Release and Exculpation</u>. The failure to effect the release and exculpation provisions of the Plan would impair the ability to confirm the Plan. Accordingly, the compromises and settlements embodied in the release and exculpation provisions described in the Plan are approved and incorporated by reference into and are an integral part of this Order.

    g. <u>No Release of Governmental Liability</u>. Nothing in the Plan releases any party from any causes of action or proceedings brought by any governmental entity in accordance with its regulatory functions, including but not limited to criminal or environmental matters.

    h. <u>Plan Provisions Valid and Binding</u>. The Court finds and concludes that, upon entry of this Order, each term and provision of the Plan is valid, binding, and enforceable pursuant to its terms.

    i. <u>Plan Documents Valid and Binding</u>. The Court finds and concludes that all documents reasonably necessary to implement the Plan shall be, upon execution on or after the Effective Date, valid, binding, and enforceable agreements. The Court further finds and concludes that all documents reasonably necessary to implement the Plan are in the best interests of the Debtor and its Estate and have been negotiated in good faith and at arm's length.

    j. <u>Executory Contracts and Unexpired Leases</u>. The Court finds and concludes that the Debtor have exercised reasonable business judgment in determining to assume or reject Executory Contracts and Unexpired Leases.

    k.    <u>Compliance with Bankruptcy Rule 3016</u>. In accordance with Bankruptcy Rule 3016(a), the Court finds and concludes that the Plan is dated, and the entities that submitted it, and filed it, are identified.

## **Miscellaneous Provisions**

    l.    The Court finds that Confirmation of the Plan is in the best interests of the Debtor, the Estate, holders of Claims and Equity Interests, and all other parties in interest.

## **ORDER**

Based on the foregoing Findings of Fact and Conclusions of Law, it is **ORDERED, ADJUDGED, DECREED, AND DETERMINED THAT:**

    1.    **Confirmation**. The Plan, as attached to this Order as **Exhibit A** and with the modifications and clarifications embodied in this Order, is hereby **CONFIRMED**. The terms of this Order are controlling if any inconsistency exists between the Plan and this Order. All objections and all reservations of rights pertaining to confirmation that have not been withdrawn, waived, or settled are overruled on the merits. The failure specifically to include or to refer to any particular article, section, or provision of the Plan, any plan supplement, or any related document in this Order shall not diminish or impair the effectiveness of such article, section, or provision, it being the intent of the Court that the Plan and any related documents be confirmed in their entirety.

    2.    **Binding Effect**. In accordance with the applicable subsections of 1141 of the Bankruptcy Code and immediately upon entry of this Order, the Plan, its provisions, and this Order shall be, and hereby are, binding upon the Debtor and any person acquiring or receiving property or a distribution under the Plan, any lessor or lessee of property to or from the Debtor, any past, present, or future creditor of the Debtor and any holder of a claim against or interest in the Debtor, whether or not such claim or interest of such holder is impaired under the Plan, whether known or unknown, and whether or not such holder has accepted or rejected the Plan or will or will not

receive a distribution under the Plan, or Equity Interests holder of the Debtor, whether or not the Claim or Equity Interests of such creditor or equity security holder is Impaired under the Plan. Each and every provision of the Plan, are incorporated by reference into, and are made an integral part of, this Order as if the Plan were set forth in its entirety in this paragraph. Further, the provisions of the Plan and this Order, including the findings of fact and conclusions of law set forth herein, are non-severable and mutually dependent.

3. **Discharge**. Pursuant to 11 U.S.C. § 1141(d), upon the occurrence of the Effective Date of the Plan, the Debtor is hereby discharged of any and all debts and claims arising prior to the Effective Date of the Plan, except solely for any such debt or claim excepted from discharge herein.

4. **Plan Classification Controlling**. The terms of the Plan shall solely govern the classification of Claims and Equity Interests for purposes of distributions to be made thereunder.

5. **Releases, Exculpation, Injunction**. The terms and conditions of the releases, exculpations, and injunctions set forth in the Plan are approved as reasonable, fair, and equitable and in the best interests of the Debtor and their Estate and are authorized in their entirety.

6. **No Release of Governmental Liability.** Nothing in the Plan releases any party from any causes of action or proceedings brought by any governmental entity in accordance with its regulatory functions, including but not limited to criminal or environmental matters.

7. **Executory Contracts and Unexpired Leases**. Pursuant to Article V of the Plan, and except as otherwise provided in this Order, all Executory Contracts and Unexpired Leases not otherwise assumed or previously rejected shall be deemed automatically rejected as of the Effective Date. Entry of this Order shall constitute a Court order approving the rejections.

8. **Transfers by Debtor; Vesting of Assets**. All transfers of property of the Estate (a) are legal, valid and effective transfers of property, (b) vest the transferees with good title to such property free and clear of all Claims, liens, interests, charges or other encumbrances, except as expressly provided in the Plan or this Order, (c) do not and will not constitute voidable transfers under the Bankruptcy Code or applicable law, (d) do not and will not subject the Reorganized Debtor to any liability by reason of such transfer under the Bankruptcy Code or under applicable law, including without limitation, any laws affecting successor, transferee, or stamp or recording tax liability, and (e) are for good consideration and value.

9. **Term of Stays**. Except as otherwise provided in the Plan, all injunctions and the stay pursuant to section 362 of the Bankruptcy Code shall remain in full force and effect until the Effective Date. All injunctions or stays contained in the Plan or this Order shall remain in full force and effect in accordance with their terms.

10. **Ford Settlement Claim**. As to that certain settlement agreement pursuant to Federal Rule of Bankruptcy Procedure 9019 as set forth in Article X of the Plan (the "Ford Settlement"): (a) the Ford Settlement Agreement is APPROVED; (b) Vicki Ford, in her individual capacity and in her capacity as executrix of the estate of Clyde and Alice Ford, shall be allowed an unsecured claim in the amount of $1,500,000.00 (the "Ford Settlement Claim"); and (c) the Court approves all other terms of the Ford Settlement Agreement as fair and equitable and in the best interests of the Estate and its creditors.

11. **Section 3.3.** Section 3.3 is hereby modified to exclude the following: "(iii) a Professional Claim that has been previously Allowed and paid on a final basis by Final Order of the Bankruptcy Court, but subject to disgorgement in the event of administrative insolvency, shall

cease being subject to said disgorgement ten (10) days after the Administrative Claims Bar Date unless, upon motion and notice, the Bankruptcy Court extends such period."

12. **Section 9.2.** Section 9.2 is struck in its entirety.

13. **Section 4.3.6.** Section 4.3.6 is hereby modified to exclude the following: "(i) surrender the underlying collateral of the Creditor and use its reasonable, good faith efforts to do so, in full and final satisfaction of the Secured Claim, but subject to any deficiency Class 4 Unsecured Claim as is otherwise appropriate; or."

14. **Executory Contracts**.

   (i) **Lease.** The Debtor assumes that certain *Lease* (the "Lease") by and between the Debtor and D.D.F.W. Triangle Properties, Inc. ("Landlord") listed on Schedule G [docket no. 50, ECF page 24]. The Lease is not in default and there are no cure obligations associated with the assumption.

15. **Subchapter V Trustee**. Within 30 days of the Effective Date, or as soon as practicable following the Bankruptcy Court's allowance of fees, if required, the Debtor shall pay all approved Subchapter V trustee's fees and expenses. On the Effective Date, Areya Holder Aurzada shall be discharged from serving as Subchapter V Trustee in this Bankruptcy Case.

16. **Retention of Jurisdiction**. The Bankruptcy Court retains jurisdiction to interpret and enforce the Plan and this Order.

17. **Order Effective and Enforceable Immediately**. Notwithstanding Bankruptcy Rules 6004(h), 6006(d) and 7062, this Order shall be effective and enforceable immediately upon entry.

18. **Notice of the Effective Date**. On or before three (3) days after occurrence of the Effective Date, the Reorganized Debtor shall file with the Court and mail or cause to be mailed to

all holders of Claims and Equity Interests a notice that informs such holders of: (i) entry of this Order; (ii) the occurrence of the Effective Date; (iii) all bar dates established under the Plan; and (iv) such other matters as the Reorganized Debtor deem to be appropriate; *provided, however*, that failure to file such notice shall not affect the effectiveness of the Plan or the rights and substantive obligations of any Person hereunder. The notice described herein is adequate under the particular circumstances and no other or further notice is necessary.

19. **Captions and Headings**. Captions and headings herein are inserted for convenience of reference only and are not intended to be a part of, or to affect the interpretation of, this Order.

20. **Final Order**. This Order is a Final Order and the period in which an appeal must be filed shall commence upon the entry hereof.

21. **Governing Law**. Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules), the laws of the State of Texas, without giving effect to the principles of conflicts of law thereof, shall govern the construction and implementation of the Plan and any agreements, documents, and instruments executed in connection with the Plan.

### END OF ORDER ###

<u>Submitted by</u>:

Thomas D. Berghman, Esq.
Texas Bar No. 24082683
Jacob J. King, Esq.
Texas Bar No. 24136951
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St., Ste. 3800
Dallas, Texas 75201
(214) 855-7554
tberghman@munsch.com

*Counsel to the Debtor and
Debtor-in-Possession*